No. 9508
Orleans

---

EBERLE & CO., INC., v. MORGENSTEEN

(February 28, 1927. Opinion and Decree.)
(March 28, 1927. Rehearing Refused.)

---

(*Syllabus by the Court*)

1. Louisiana Digest — Corporations — Par. 89, 92, 154.

A stockholder-employee, who resigns his position and solicits and obtains some of the customers of the corporation is under no obligation to the corporation to indemnify it for loss of profits on the business of its former customers.

Appeal from Civil District Court, Division "D". Hon. Porter Parker, Judge.

Action by G. P. Eberle & Co., Inc., against Emile L. Morgensteen.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

G. F. Eberle, E. A. O'Sullivan, of New Orleans, attorneys for plaintiff, appellant.

A. J. Plough, S. S. Goldman, of New Orleans, attorneys for defendant, appellee.

OPINION

WESTERFIELD, J. This is an appeal from a judgment maintaining an exception of no cause of action.

Plaintiff, G. P. Eberle & Company, Inc., alleges that defendant and two other individuals were its incorporators; that each incorporator had an equal interest in its earnings and each drew the same salary; that the business of the corporation was general accounting; that on September 29, 1923, (plaintiff corporation was organized April 1, 1921), "defendant sent his resignation to the office of the corporation and thereafter, before the acceptance of his resignation, called upon a number of clients of the co-partnership (erroneously so termed) and unknown to your petitioners (plural inadvertently used) solicited their business for his own personal profit and to the financial loss of his co-partnership (meaning, doubtless, fellow stockholders); "that the business so illegally and clandestinely obtained by defendant" amounted to $2000.00 in accordance with a peculiar method of computation employed by plaintiff, which we omit further reference to.

Great stress was laid upon the words "illegally and clandestinely obtained" by plaintiff's counsel, and it was insisted that defendant's conduct as set forth in the petition was unquestionably immoral; that the use of information obtained as a stockholder for purposes of competition was indefensible, ethically and morally.

We are not as confident of the impropriety of defendant's conduct as counsel. Let us suppose a case in which an officer of a corporation is discharged, either with or without justifiable cause; would such discharged employee be under any moral obligation to refrain from competing with the corporation which discharged him, or would he be prevented by any proper consideration from soliciting the customers of his former employer? To answer this question in the affirmative would involve serious consideration of fundamental rights of self-preservation, common to all individuals as members of society. But be that as it may, we are not aware of anything illegal in the alleged conduct of defendant as the basis of this action.

There is no law which compels a stockholder to work only for the corporation and prohibits his competing with it.

"There is no rule of law which prohibits an individual stockholder from entering into business on his own account in competition with the corporation."

Corpus Juris, Vol. 14, p. 868.

"Ordinarily, the whole legal duty of a stockholder or corporator in a trading or stock corporation is discharged when he has paid in his subscription to the capital stock, though his pecuniary liability to the creditors of the corporation may be somewhat greater. * * * The stockholder may enter into business on his own account in competition with the corporation, or join in the formation of a new corporation, which by its rivalry will destroy the business prospects of the first."

Monroe Dairy Assn. vs. Webb, 57 N. Y. Supp. 574.

In White vs. Trobridge, 64 Atl. 862, the following language is found.

"* * * so long as the defendant (retired partner) does not attempt to sell his goods as those of the old firm, or represent that his business is a continuation of the old firm, he is at liberty to engage under his own name, honestly and in good faith and in the same line of business in the same locality."

And in Williams vs. Ferrand, 50 N. W. 446, L. R. A. 161:

"The doctrine that a retiring partner who has conveyed his interest in an established business, whether the good will be included or not, cannot personally solicit the old customers of the firm, has no support in principal. A retiring partner conveys, in addition to his interest in the tangible effects, simply the advantage that an established business possesses over a new enterprise."

What the defendant is charged with doing is resigning his position with a corporation in which he held stock and engaging in the same business on his own account, having previously given notice of his intention so to do. Whatever effect this action on defendant's part may have had on the revenues of the corporation involves no liability as far as defendant is concerned. To contend otherwise is equivalent to saying that an employee stockholder must continue to work for a corporation indefinitely, unless he chooses to change his occupation and engage in a non-competitive business. There is no allegation that defendant was under any contractual obligation for any period of time to remain with the plaintiff corporation. He simply, for reasons best known to himself, quit, which we think he had a right to do, nor do we find any fault with his soliciting and obtaining some of the customers of the plaintiff corpora-

tion. We are under the impression that such things are of almost daily occurrence in the business world.

For the reasons assigned the judgment appealed from is affirmed.